United States District Court
Southern District of Texas
**ENTERED**
March 23, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANCY GIOVINALE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-986 |
| | § | |
| JP MORGAN CHASE BANK, N.A., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant JP Morgan Chase Bank, N.A.'s ("Chase") partial motion to dismiss plaintiff Nancy Giovinale's complaint (Dkt. 1, Ex. B). Dkt. 7. Having considered the motion to dismiss, response, reply, and applicable law, the court finds that Chase's partial motion should be GRANTED. Additionally, Giovinale's introductory and breach of fiduciary duty claims should be DISMISSED WITH PREJUDICE, and her breach of contract, breach of express warranty, and Texas Deceptive Trade Practices Act claims should be DISMISSED WITHOUT PREJUDICE. In her response, Giovinale requests leave to amend her complaint in the case of a dismissal. Dkt. 11 at 3. The court finds that Giovinale's request for leave to amend her complaint should be GRANTED.

**I. BACKGROUND**

This case arises from Giovinale's claim against Chase for unauthorized withdrawals from her accounts at Chase. Dkt. 1, Ex. B at 3. Giovinale claims she has been a customer of Chase or its "predecessor in interest" for approximately ten years and is classified as a "Private Client." Dkt. 1, Exs. B, F. Beginning around January 1, 2013, Giovinale alleges that there were approximately twenty-five (25) unauthorized withdrawals from her checking account and unauthorized early

terminations of her Certificates of Deposit. *Id*. Further, Giovinale alleges that at least half of these unauthorized withdrawals were made at a Chase branch directly, and that Chase failed to verify her signature before cashing the checks. Dkt. 1, Ex. B at 3.

Giovinale lives in Venezuela, and she monitors the account with the assistance of her daughter Maria Giovinale, who also lived abroad at the time of the alleged unauthorized withdrawals. Dkt. 1, Ex. F. Because the Giovinales lived abroad, the bank statements were sent to a mailing address in Venezuela. *Id*. When Giovinale did not receive bank statements, she assumed it was because of the poor service of the Venezuelan postal system. *Id*. Therefore, Giovinale claims that she did not discover the fraudulent withdrawals until June 2013 when her daughter returned to the United States, accessed the account, and found it was empty. Dkt. 1, Ex. F. Giovinale alleges the bank failed to notify her of any unusual activity during the seven months of fraudulent transactions. *Id*. Giovinale filed suit against the bank because it refused to provide fraud protection. *Id*. The bank notified Giovinale that its refusal was because Giovinale failed to notify the bank of the unauthorized transaction within thirty days of receipt of her first bank statement showing these transactions. *Id*.

On September 6, 2013, Maria Giovinale wrote the bank and enumerated the alleged unauthorized transactions that took place. *Id*. The letter outlines a total of $152,050 in unauthorized wire transfers and $323,840 in checks cashed by an unauthorized person who successfully changed the address on the bank account and requested a checkbook from the bank several months after the fraud began. *Id*.

On January 20, 2016, Giovinale filed an original petition against Chase in the 165th Judicial District Court for Harris County, Texas. Dkt. 1, Ex. B. On April 11, 2016, Chase removed the case

to federal court. Dkt. 1. Chase filed a partial motion to dismiss Giovinale's claims except for those under section 3.420 of the Texas Business and Commerce Code. Dkt. 7. Giovinale responded, and Chase replied. Dkts. 11, 14.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First, the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79. Second, the court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679.

Generally, when "considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Here, the court will consider Giovinale's

3

complaint (Dkt. 1, Ex. B) and the attached September 6, 2013 letter from Maria Giovinale to Chase (Dkt. 1, Ex. F).

### III. ANALYSIS

Chase moves to dismiss all of Giovinale's claims, except those arising under section 3.420 of the Texas Business and Commerce Code.[1] Dkt. 7. Giovinale's complaint does not completely enumerate her causes of action, but Chase's partial motion to dismiss addresses the following claims which appear within her complaint: an introductory claim, breach of contract, breach of common law and statutory express warranty, breach of fiduciary duty, and violation of the Texas Deceptive Trade Practices Act ("DTPA") (Tex. Bus. & Com. Code Ann. §§ 17.41–17.63)). Dkt 7 at 1. Chase also argues that some of Giovinale's claims are pre-empted by section 3.420. Dkt. 7 at 6–10. In her response, Giovinale agrees that she is suing for "statutory violations of the Uniform Commercial Code, breach of common law and statutory express warranty for services, breach of fiduciary duty, breach of contract and deceptive trade practice." Dkt. 11 at 1. The court will address each of these claims in turn.

**A.     Introductory Claim**

Giovinale initially pleads that she "brings suit for all causes of action both common law and statutory" and then states any subsequent allegations are made "by way of specification, but not limitation" of her claims. Dkt. 1, Ex. B at 4. Chase challenges that this is a "catch all claim" that should fail under Federal Rule of Civil Procedure 8 and *Twombly*. Dkt. 7 at 4. Giovinale responds that this paragraph was merely "the introductory paragraph" to explain that the suit was brought in

---

[1] Giovinale refers to this as "the Texas version of the Uniform Commercial Code," "the Texas UCC," and "3.420 of the UCC" in different sections of her complaint and response. Dkt. 1, Ex. B at 5; Dkt. 11 at 1–2.

common law and statutory law, but also argues that the court should not dismiss any claims in this paragraph. Dkt. 11 at 2. If this introductory paragraph is an attempt to state a claim, the court agrees with Chase, that it is not a sufficient statement to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. To the extent that this introductory paragraph is a claim, Chase's motion to dismiss the claim is GRANTED.

**B.     Breach of Contract**

In her complaint, Giovinale claims that Chase "breached its contract with the plaintiff" and that she is, therefore, entitled to attorney's fees. Dkt. 1, Ex. B at 5. Chase argues that this claim should be dismissed because it does not even identify the contract that was breached. Dkt. 7 at 8.

In pleading a breach of contract, a plaintiff generally must plead facts showing: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). A conclusory statement that a contract was breached does not meet the pleading requirements of Rule 8(a). *See, e.g.*, *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1003 (S.D. Tex. 2011) (dismissing a breach of contract claim for failing to indicate which contracts were breached and which provisions were breached); *Lehman Bros. Holdings v. Cornerstone Mortg. Co.*, No. CIV.A. H-09-0672, 2009 WL 2900740, at *5 (S.D. Tex. Aug. 31, 2009) (holding that "bare-bones" allegations that a contract was breached by a bank's failure to properly service loans does not satisfy the pleading requirements of Federal Rules of Civil Procedure).

In her complaint, Giovinale only alleges that Chase was "in violation of its agreement to verify the signature on the instruments" and that "all conditions precedent to bringing of this action have occurred or been performed or excused." Dkt. 1, Ex. B at 3, 5. In her response, Giovinale further states that Chase's alleged failure to verify the signature violated a "depository agreement." Dkt. 11 at 2–3. Giovinale's minimal set of allegations do not rise beyond a conclusory allegation that Chase breached an unspecified contract—the allegations do not identify the nature or existence of the contract between Chase and Giovinale, provide any facts regarding either parties' performance obligations under the contract beyond a broad requirement that Chase verify signatures, or specify what provisions of the speculative contract may have been breached. Without some factual allegations regarding the nature of the contract and the breach to support her claim, Giovinale's right to relief for a breach of contract does not rise beyond a speculative level. *Twomby*, 550 U.S. at 549. Therefore, Chase's motion to dismiss Giovinale's breach of contract claim is GRANTED.

**C.     Breach of Fiduciary Duty**

Giovinale also alleges that "Defendant Chase Bank was a fiduciary of the Plaintiff." Dkt. 1, Ex. B at 4. To the extent that including this phrase in her complaint is an attempt to state a claim of breach of fiduciary duty, Chase moves to dismiss this cause of action. Dkt. 7 at 11. Giovinale confirmed in her response that she is asserting a cause of action for breach of fiduciary duty. Dkt. 11 at 1–2.

Under Texas law, the elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant, (2) a breach by the defendant of his fiduciary duty to the plaintiff, and (3) an injury to the plaintiff or benefit to the defendant as a result of the

defendant's breach. *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied); *Punts v. Wilson*, 137 S.W.3d 889, 891 (Tex. App.—Texarkana 2004, no pet.).

Chase argues that it did not have a fiduciary relationship with Giovinale because there is no formal fiduciary relationship between a bank and its checking account holders. Dkt. 7 at 11. "The relationship between a bank and its customers does not usually create a special or fiduciary relationship." *Davis v. West*, 317 S.W.3d 301, 312 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing to *Farah v. Mafrige & Kormanik, P.C.*, 927 S.W.2d 663, 675 (Tex. App.— Houston [1st Dist.] 1996, no writ)); *see also Fleming v. Tex. Coastal Bank of Pasadena*, 67 S.W.3d 459, 461 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). However, in the absence of a formal fiduciary relationship, an informal relationship can still exist. *ARA Auto. Grp. v. Cent. Garage, Inc.*, 124 F.3d 720, 723 (5th Cir. 1997). Determining whether a fiduciary relationship exists is a fact-intensive inquiry usually reserved for the jury, but the court may rule on the relationship as a matter of law when there is no evidence that supports the existence of such a relationship. *Id*.

Giovinale argues that she had an informal fiduciary relationship with Chase, based on the length of their dealings (Giovinale's relationship with Chase has lasted "for years") and based on the trust that Giovinale placed in Chase with respect to her personal finances. Dkt. 11 at 2. Giovinale cites to *Lee v. Hasson*, which held that "length of the relationship is another important factor in determining whether a fiduciary relationship should be recognized," but the court also acknowledged that for arms-length business transactions "even a longstanding relationship of friendship or cordiality is insufficient, without more, to establish an informal fiduciary relationship." 286 S.W.3d 1, 15 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). Giovinale also argues that a fiduciary relationship existed because the dealings between the parties have been long enough that she was

7

justified in relying on Chase to act in her best interests, creating a confidential relationship. Dkt. 11 at 2 (citing *Carr v. Weiss*, 984 S.W.2d 753, 766 (Tex. App.—Amarillo 1999, no pet.)).

Texas courts give further guidance on determining if a fiduciary relationship exist by clarifying that "[m]ere subjective trust does not . . . transform arm's-length dealing into a fiduciary relationship." *Meyer v. Cathey*, 167 S.W.3d 327, 331 (Tex. 2005) (quoting *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 177 (Tex. 1997)). "Not every relationship involving a high degree of trust and confidence rises to the stature of a fiduciary relationship." *Id*. Further, Texas courts "reject evidence of trust and confidence between the parties" as evidence of a fiduciary relationship. *ARA Auto. Grp.*, 124 F.3d at 725 (noting factors such as sharing profits or losses are more dispositive of establishing a fiduciary relationship than the length of the relationship).

Though Giovinale alleges her banking relationship with Chase was long-lasting and she trusted Chase with a large amount of her personal finances, these facts are not sufficient to plausibly establish that her banking relationship was anything more than an arm's-length business transaction. Without alleging any facts to make the existence of a fiduciary relationship with Chase plausible, Giovinale fails to state a claim for breach of fiduciary duty. Therefore, Chase's motion to dismiss Giovinale's breach of fiduciary duty claim is GRANTED

D.     **Breach of Common Law and Statutory Express Warranties**

In her complaint, Giovinale alleges that Chase "violated those common and Texas UCC warranty claims for beach [sic] of express warranty for services . . . [by] represent[ing] to the Plaintiff the quality and/or characteristics of the services and promises the services would be those of the highest quality and would at minimum include the safeguarding of Plaintiff's funds from theft of conversion as occurred here." Dkt. 1-3 at 4–5. Giovinale claims that representations made by

Chase "were the basis of the bargains" and that the defendant "breach[ed] the warranties and representations given to the Plaintiff." *Id*.

Chase argues that any warranty claims outside those created by section 3.420 should be dismissed because Giovinale does not identify which promises gave rise to additional express warranties. Dkt. 7 at 5. Giovinale does not directly respond to Chase's argument, but rather emphasizes that she is bringing breach of warranty claims under common law, the Texas UCC, and the DTPA. Dkt. 11 at 2. Then, Giovinale only offers the conclusory statement that "Plaintiff has provided sufficient legal and factual bases to put the Defendant on notice that it has brought forth a breach of warranty [claim] . . . ." *Id*.

Texas recognizes a common law cause of action and a statutory cause of action for the breach of an express warranty. Tex. Bus. & Com. Code Ann. § 17.50(a)(2); *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 438 (Tex. 1995). The DTPA does not create warranties, the warranty must be otherwise actionable under common law or statute. *Id.* The DTPA does prohibit breach of warranties and provides additional remedies for breach of warranty claims. *Id*. For that reason, the court will address the breach of statutory and common warranty claims concurrently for the purposes of this motion to the dismiss.

An express warranty is "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." Tex. Bus. & Com. Code Ann. § 2.313(a)(1). "Although express warranties are enforced in service transactions, warranty law has developed primarily within the context of the sale of goods." *Humble Nat. Bank v. DCV, Inc.*, 933 S.W.2d 224, 233 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (citing to *Sw. Bell Tel. Co. v. FDP Corp.*, 811 S.W.2d 572, 574 (Tex. 1991)). Therefore, the case law is equally applicable

9

to express warranties for goods and services. *Id.* A statement that is mere puffing or the seller's opinion does not give rise to an actionable warranty. § 2.313(b); *see also Presidio Enters, Inc. v. Warner Bros. Distrib. Corp.*, 784 F.2d 674 (5th Cir. 1986). Vague or imprecise representations are mere opinion and do not give rise to an express warranty. *Humble Nat. Bank*, 933 S.W.2d at 230.

Giovinale does not plead any specific facts regarding the alleged statements or promises made by Chase that formed the express warranty of services—she merely offers that she was promised an account with services of the "highest quality" that would be safeguarded from theft. Dkt. 1, Ex. B at 5. The court finds that these statements are vague or mere opinion in nature and thus do not give rise to a plausible allegation that an express warranty was established under common law or statute. Therefore, Chase's motion to dismiss Giovinale's breach of express warranty claims is GRANTED.

E.  **Deceptive Trade Practices**

Giovinale also claims that "[t]he Bank's conduct violates the DTPA." Dkt. 1, Ex. B at 5. It is unclear to the court if Giovinale is attempting to assert an additional claim under the DTPA or if she merely intends to rely on the DTPA to enforce the breach of warranty claims. Dkt. 11 at 1, 2. However, out of thoroughness, the court will address Chase's motion to dismiss any free-standing DTPA claims not otherwise addressed in this opinion.

To state a valid claim under the DTPA, Giovinale must show (1) that she is a consumer, (2) that the defendant engaged in false, misleading, or deceptive acts, and (3) that those acts were a producing cause of her damages. Tex. Bus. & Com. Code Ann. § 17.50(a)(1); *see also Hugh Symons Grp, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002).

The only allegation of a false, misleading, or deceptive acts that the court finds in Giovinale's complaint is her allegation that Chase "acted in concert with the forger in effectuating the scheme to defraud." Dkt. 1, Ex. B at 3. The court observes that Giovinale does not re-allege that she has a fraud claim or address Chase's arguments for dismissing the fraud claim in her response. Dkt. 11.

In addition to meeting the plausibility standard, under Federal Rule of Civil Procedure 9(b), if a party is alleging fraud or mistake, the pleading must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (noting that Rule 9(b) does not "supplant" Rule 8(a)). The Fifth Circuit strictly interprets Rule 9(b), "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)). The pleading requirements of Rule 9(b) apply to any allegations of fraud, including those brought under Texas statutes such as the DTPA. *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *see, e.g., SHS Inv. v. Nationwide Mut. Ins. Co.*, 798 F. Supp. 2d 811, 815 (S.D. Tex. 2011)*; Patel v. Holiday Hosp. Franchising, Inc.*, 172 F. Supp. 2d 821, 825 (N.D. Tex. 2001); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

However, Giovinale does not plead any facts outside of her conclusory allegation that Chase acted in concert with the alleged forger, and therefore she does not establish the circumstances of the fraud with any particularity. With the exception of the warranty claim that was already addressed by the court, Giovinale does not specify other facts which allege a "false, misleading, or deceptive act" committed by Chase, let alone any details sufficient to meet the pleading standard required for

claims of fraud. Therefore, Chase's motion to dismiss Giovinale's remaining DTPA claims is GRANTED

**F.     Preemption**

Because the court finds that Giovinale does not state a claim for any of these causes of action, it does not need to address Chase's argument that Giovinale's breach of warranty, breach of contract, and DTPA claims may also be pre-empted by her claim under section 3.420. Tex. Bus. & Com. Code Ann. § 1.103 ("[W]hile principles of common law and equity may supplement provisions . . . they may not be used to supplant its provisions, or the purposes and policies those provisions reflect"); Dkt. 7 at 6–8. The court observes that even if Giovinale's claims had survived, her recovery may be limited by Chase's preemption arguments, because "[a] common law theory of recovery that allows a plaintiff to exceed the maximum amount of liability as stated in section 3.420 is preempted." *AMX Enterprises, Inc. v. Bank One, N.A.*, 196 S.W.3d 202, 207 (Tex. App.—Houston [1st Dist] 2006, pet. denied); *see also Southwest Bank v. Information Support Concepts, Inc.*, 149 S.W.3d 104, 111 (Tex. 2004).

## IV.  LEAVE TO AMEND

Finally, Giovinale requests leave to amend her complaint. Dkt. 11 at 3. Rule15(a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has held that leave to amend should be granted liberally unless the party has acted in bad faith or if granting leave to amend would cause prejudice. *Jebaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009). Federal courts often give plaintiffs at least one opportunity to cure pleading deficiencies. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, granting leave to amend is within the sound discretion of the district court, and leave may be denied if the court has good

reason, including the futility of an amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

The court observes that Giovinale's request was made prior to the deadline in the court's scheduling order, which would have allowed Giovinale to amend her complaint freely without the court's leave. However, the court finds no evidence of bad faith on the part of Giovinale and that amending the complaint will not cause prejudice, despite the progress of discovery in this matter. It is in the interests of justice to GRANT Giovinale's request for leave to amend. Dkt. 11 at 3. However, based on its grounds for dismissing the claims, the court concludes that any amendments to the introductory claim and the breach of fiduciary duty claim would be futile. Therefore the introductory claim and breach of fiduciary duty claim are DISMISSED WITH PREJUDICE. The remaining claims for breach of contract, breach of express warranty, and violation of the DTPA are DISMISSED WITHOUT PREJUDICE, with leave to amend these claims only.

## V. Conclusion

Chase's partial motion to dismiss Giovinale's claims, except those brought under section 3.420 of the Texas Business and Commerce Code, is GRANTED. Dkt. 7. Giovinale's introductory claim and breach of fiduciary duty claim are DISMISSED WITH PREJUDICE. Giovinale's breach of contract, breach of express warranty, and DTPA claims are DISMISSED WITHOUT PREJUDICE.

Giovinale's request for leave to amend her complaint is GRANTED. Dkt. 11 at 3. It is therefore ORDERED that Giovinale may amend her pleadings within twenty (20) days from the date of this order.

Signed at Houston, Texas on March 23, 2017.

_____
Gray H. Miller
United States District Judge